Case number 21-1212, PF Sunset Plaza LLC Petitioner v. United States Department of Housing and Urban Development, and case number 21-1228, PF Holdings LLC Petitioner v. United States Department of Housing and Urban Development. Mr. Kahane for the Petitioners, PF Sunset Plaza LLC and PF Holdings LLC. Ms. Klock for the respondents. Good morning, Mr. Kahane. Good morning, Your Honors. May it please the Court, Josh Kahane and my colleague, Aubrey Greer, all the way from Memphis, Tennessee. And it really is quite an honor to be with Your Honors and in this courtroom. It is quite humbling. Thank you for having us. We are here on behalf of the Petitioners, PF Holdings LLC and PF Sunset Plaza LLC. And with the Court's consent, I have reserved three minutes of my time for rebuttal at the end. May it please the Court, counsel filed the subject appeals seeking relief from the administrative law judge's orders of dismissal, which resulted in the imposition of civil money penalties against both PF Holdings in the amount of $586,000 and change, and PF Sunset Plaza in the amount of approximately $391,000 and change. Petitioners argue that the ALJ's error in this sua sponte order of dismissal claiming that somehow it lacked jurisdiction over the matter and that this sua sponte dismissal is in contravention of both 42 U.S.C. and importantly, HUD's own regulations under 24 CFR, which were codified under the APA. But would this be jurisdictional or essentially a claims processing? It would not, Your Honor, because we believe that the... What would not? I'm sorry, Your Honor. Is it not jurisdictional or is it claims processing? This is not a jurisdictional issue. This is a claims issue. And there are two separate and independent issues as it relates to the claims here. One of them deals only with PF Holdings LLC. The other one deals with both PF Holdings LLC and PF Sunset. And with the Court's permission, perhaps I'll begin with the one that deals only with PF Holdings LLC. Let me just ask you before you go there. Why would it matter whether we characterize the time limit and the finality provision as jurisdictional or non-jurisdictional? What rides on that in this case? Because, Your Honor, if it's a claims-related issue, then the ALJ would have the opportunity to review each case and each set of facts on a case-by-case basis and make a determination about whether or not the extra day that was needed to file a response or whether or not there were appropriate causes and just cause to allow for an accommodation for a late-filed response, etc. If there's a jurisdictional element that on day 16, jurisdiction has been removed from the Court and the administrative law judge has no jurisdiction whatsoever to involve itself in this Court, how does that matter in this case? Because it seems that the next hurdle would be failure to exhaust. There was no – the ALJ didn't do that. The ALJ – you know, there was – there's no exhaustion here in either of them. Well, there would be if the ALJ's determination that there's – they lose all jurisdiction and, as a result, there's a full dismissal, then there wouldn't have been an exhaustion of the opportunity for these parties to dispute, A, whether or not the relevance of their involvement is appropriate, and, 2, whether or not they're provided proper notice, proper opportunity to dispute the claim and proper opportunity to exhaust its defensive remedies under the APA. So, Your Honor, as a result, and as it relates to the issue of PF Holdings LLC in particular, the ALJ held that because PF Holdings failed to tender its demand for a hearing within 15 days, that automatically they've waived all of their rights, they've waived all of their defenses, and there is a final judgment against them moving forward. And we would suggest that while it is true that HUD has certain delegated authority to issue civil penalties under certain bases, as it relates to PF Holdings LLC, those bases don't exist because HUD's delegated authority by Congress relates only to those entities or those organizations with whom they have a contract, that contract being the housing assistance payment or the HAP contract. And it is under that particular contract that the parties to that contract agree that in the event HUD believes that there is some failure on the part of the owner of the project, that HUD can issue this notice of monetary fines, and at that point 15 days is the entire window for which a response can be filed. Absent that HAP contract, there is no such agreement between the parties. So what are you considering to be the final order in the case? Your Honor, that's the question. That's the $893,000 question because the final order in this case needed to be under the regulations either an order of default issued because the owner failed to respond within 15 days or an order on the merits of the case finding that the monetary citation issued by HUD was appropriate based on the facts and circumstances. And in every other case that HUD has had in this realm, they have always included the case with this final agency action in the form of either an order of default because the owner failed to respond or an order on the merits of the case. This sua sponte approach taken by the administrative law judge to say that at the end of the 15 days,  and now somehow they lack jurisdiction and it's an order of dismissal. I know in your brief you spend a lot of time on this argument. I'm just trying to figure out where it gets you because the Bureau now doesn't understand it that way and the statute doesn't clearly prevent it from accepting the understanding that it now has. So I'm just not sure where that gets you. You do mention a couple times in the brief, you mentioned the words due process, but you don't make a freestanding due process claim. Your Honor, it gets us exactly where I think the parties need to be, which is if the administrative law judge maintains jurisdiction until such time as a final agency action in the form of an order is issued, then the fact that the answer was filed one or two or three days late would give the administrative law judge the same discretion that any other judge might have. This administrative law judge, or the two administrative law judges, expressed no discomfort with treating the unresponded to complaint as, in effect, a concession that the allegations were true. Clearly, as your brief concedes, we have final agency action in the form of the ALJ order. So if the ALJ is not saying, well, here, my hands are tied, sure, I would give you more time, except I can't because this is jurisdictional, we just don't have that record. So I'm trying to understand. You've highlighted things that seem, I would say, quite unusual about this scheme. It's not the clearest. It hasn't been the most consistently applied. But I'm not sure that you have a challenge where the statute says after 15 days, if no hearing is requested, it's final and unappealable. Your Honor, respectfully, I'm not sure that's precisely what the statute says. But the statute says that after 15 days, if no response is filed, that HUD can issue its citations. HUD can issue. The statutory language is pretty short. Why don't you just read the statutory language to us now. Yes, sir. Tell us what it really says. If respondent does not respond within 15 days, the imposition of the penalty under 42 U.S.C. 1437 Z1B shall constitute a final and unappealable determination. Okay. Isn't that what the presiding judge asked you? I would respectfully suggest, Your Honor, and as I think is consistent with the conduct of HUD in applying this statute forever, is that after 15 days, HUD then has the opportunity to file a motion with the administrative law judge. That's not what the statute says. The statute says what you just read and what the presiding judge said. So the imposition of a penalty, so are you focusing on that there hasn't been any imposition of a penalty? Yes, ma'am. Yes, Your Honor. So it's not about final orders or not or default or not. You're saying that the unanswered complaint under the statute as you read it doesn't amount to the imposition of a penalty. It amounts to a proposal to impose a penalty. That's exactly right because otherwise what would be challengeable? What could an owner who disagreed and failed or wanted to bring something to this court, what would they bring, the complaint? They bring a stack of allegations? Well, we're way before coming to this court. So if your clients think this is not us and there's something that says 15 days to request a hearing or final and unappealable, why not say I want a hearing to show that this is not, I have nothing to do with these contracts? There is no question that Your Honor's approach is the best approach and that within the 15 days they should have submitted the challenge. But the failure to submit the challenge does not negate the fact that a judgment against a party with whom HUD has no contractual relationship, no jurisdictional relationship, they are not within the ambit of the HUD world, that is a void judgment. So if the complaint had as part of the prayer for relief something titled imposition of penalty and said, you know, if there's no response, the actions described above will be deemed to have occurred and the remedies sought will be imposed. That would suffice for your purposes. Your Honor, the regulations actually require such language, which is not present in these complaints. Which regulation are you looking at? Your Honor, under 24 CFR 30.85, there are six elements that must be included within such a complaint, and those are the factual basis, the applicable civil money penalty statute, the amount of the penalty. Exactly, but why doesn't that undercut your position? Because they included all of those things. Well, they don't include all of these elements in this particular case. In this particular complaint, they did not include all six of those elements. They did not establish the facts. What element did they not include in the complaint? Sir, they did not establish the facts. No, no, no, don't tell me they didn't establish. What element did they not include in the complaint? You're saying the factual basis for the decision to seek a penalty? That's correct. That's correct, because in the complaint itself. Well, you disputed, but they did put a factual basis. They suggest as to each allegation upon information and belief, there is either a direct or an indirect link between. That is not a factual assertion. It becomes one when it's unanswered. When it's conceded, it becomes one. Okay, so now we're back to Your Honor's original question, which I think is a fair question to ask. But the failure, again, if we're looking at PF Holdings LLC itself, the failure to respond does not negate the fact that a judgment rendered against a non-party that is not an owner, that does not fit within the ambit of the jurisdictional requirements of HUD's assessment of penalties, that is a void judgment. That judgment doesn't exist. And as a result of that, the party has the right to challenge the voidness of the judgment, even as would be any judgment, under whether it be Rule 60 or any effort to void it. Counsel, that is not a given when the statute has the language about being unappealable in it. How can you say they have the same right that they would have as to any judgment? They're not the same thing, are they? Your Honor, I would, if we can take it simply for purposes of comparison or a parallel analysis, in a standard commercial lawsuit, when a lawsuit is filed and there is no response by the party and a default judgment is taken, the law provides for such a default judgment that becomes a final judgment after a certain amount of time. Nevertheless, in some later period of time, there is an opportunity to challenge as a number one basis. But there is an assumption, a presumption of appealability or viewability in administrative law, but it is not irrebuttable. Congress expressly says there is not an appealability. Haven't you lost your parallel there? It's not the same thing as a civil lawsuit. No, sir. Respectfully, not if it's void by nature. If HUD incorrectly named Your Honor as the defendant in this case and Your Honor, for whatever reason, was out of the country for 15 days and didn't respond, I don't believe that Your Honor will now be responsible for PF Holdings' failure. I don't believe it has much to do with this, Counsel. I understand. I'll take myself then as the example. I don't think your example is getting you very far anyway. If it's an administrative proceeding that says it's not reviewable, it's not reviewable, is it? If it says it's not reviewable. And the government cites, granted, not many cases, but the Kronholm case and the KPMG case in which there were somewhat parallel statutes with final and unreviewability language and the courts accepted that those were in fact truncating what would otherwise be access to court, you didn't file a reply so we don't have your response to those cases. I mean, are you saying that this is just something that agencies just cannot do? And if so, on what authority? Your Honor, I think we addressed both of those cases in detail in our brief, and those cases are completely different from this case because in both of those cases, those entities, those organizations had entered into a contract with those administrative agencies in which they agreed. That's a factual distinction, but it's not a distinction based on the permissibility or not of cutting off review where someone hasn't sought a relative opportunity to be heard in a relatively short amount of time. That would be true. And you're not raising a due process claim, right? You're not raising a due process. You never cited Matthews v. Eldridge or any other due process case. We did argue that the imposition of a judgment against a party to whom a judgment cannot be rendered without giving them the opportunity to defend such action would be a violation of their due process. I don't think you cited, you used the terms due process maybe once or twice in the brief, but I don't think any of your argument headings refers to due process, and I don't think you cited a single due process case from the Supreme Court or otherwise. Am I right about that? I will certainly defer to the court if that would be the case. To your brief. You don't have to defer to me. I don't remember offhand, but the court certainly seems confident, and I'm not in a position to argue if that's the case. Was PF Holdings ever an owner or manager? Never. Never. PF Holdings LLC was never an owner, was never a manager, and was never an identity of interest. I think the government agrees that they were never an owner. I think that's not a dispute. What the government tries to do is suggest that PF Holdings is an identity of interest entity, and they do so by arguing that at some point in some situation, PF Holdings might have been the third-party fee manager, but that's not the correct analysis. The analysis is whether or not the owner also owns that manager and exerts control over that manager, because the essence and the basis and the reasoning. They don't have to own that entity. They have to have an identity of interest. Have an ownership interest. One element, one of the three elements of identity of interest, is that the owner of the project, likewise, has an ownership interest in the management, and the reason is because Congress did not want to allow owners to get away from their responsibility to honor their obligations under the HUD contract by creating these alter egos and saying that has nothing to do with me. That's an independent entity. Exactly, exactly. And you can't say on this record that your clients are strangers to this operation, to this contract. So this is not somebody who was out of the country for 15 days. This is somebody who's had significant contact with HUD leading up to the complaint. Am I wrong? No, you're right, but in this case, actually their previous counsel responded within 15 days and communicated with the government within 15 days and disputed the claims within 15 days, and then there was the issuance of the complaint, and I can't speak to the court. Okay, I think you may have misspoke. You said responded within 15 days of the complaint. I'm sorry, of the notice, of the initial notice. Of the complaint notice. They did not respond. I mean, we wouldn't be here if they had responded. That's correct, John. Right, so this is a business represented by counsel that is aware of HUD's understanding of the situation and that HUD believes that PF Holdings and PF Sunset, in fact, have a responsible relationship and an identity of interest with the owner. So this is not a stranger on the street. I'm right about that. You are correct about that. You're correct about that. I'm not sure that's the standard. No, I'm just responding to the hypotheticals that you're posing about the potential unjust application of this scheme and trying to relate that to the facts. It is not uncommon for management companies and ownership groups to have relationships that exist on multiple properties in multiple locations. I would suggest to the court that's actually commonplace, but what you do not often have is a management company that is owned and controlled by an ownership group. In that scenario, certainly, the management company should be held equally responsible for their failures because the ownership group is controlling the management group. But in a scenario where that's not the case, the ownership group is responsible for their failures. They're the ones holding the money. They're the ones making the decisions. Isn't that the sort of thing that should be raised in that response within 15 days rather than something you come along with after you fail to comply with the statutory limits? Yes, sir, and I agree with the court wholeheartedly that within the 15 days, these arguments should have been raised. As it relates to PF Holdings, however, it is our position that there is not a basis for the assertion of a judgment against a party that is neither an owner nor an identity of interest under the statute. So even if the court were to find and affirm the fact that a failure to respond by day 16 results in an unappealable decision, and even if the court were to find that the failure of the court to enter an order somehow is not an issue, and even if the court's willing to ignore the fact that HUD has always filed motions for default judgment, and in this case, in fact, filed a motion for default judgment, and then we all received a sua sponte order, and HUD kind of jumped on the bandwagon that they really didn't have to do that, if we ignore all of those facts, we still have a judgment against an entity that is not party to a HAP contract, that is not an owner, that is not an identity of interest. There is a judgment. So you assert, and that is a question that could have been litigated, and we could have that decision if the response had been made within 15 days. Just because you say that they were outside the jurisdiction doesn't mean they were outside the jurisdiction, and all we have at this point is you coming in ex post facto and saying they're outside. Well, perhaps, Your Honor, the court would consider allowing the administrative judge to examine that particular issue by remanding the case for the purpose of determining whether or not there is a void judgment against an entity with whom HUD has no enforcement authority. Let me ask you, what is the status of your clients? I thought they were owners. I thought they were holding companies, properties that are under these HUD contracts. If you could have that hearing with the ALJ, just the basics, what would be the assertion of the actual relationship and who HUD should actually be going against? HUD should go against the exact entity they went against in the first part, which is Ralston, G-A-L-L-C, and against whom they have a judgment. And you said the owner is the one that has the money, but they don't have the money. I don't represent them, Your Honor. I understand. But I was asking about the relationship of your client to this situation. PF Holdings LLC has absolutely and has never had any ownership interest whatsoever in Ralston. What interest has it had in these properties? There is a member of PF Holdings LLC who also was a member of a not-for-profit charity who was a member of Ralston G-A, a gentleman named Mr. Puritz, who I believe might be on some of the HUD documents. That is the only relation. There is a separate and distinct matter, the PF Sunset matter. In that case, as Your Honor will know, we have not argued this issue of they are the wrong party. It's a void judgment, because in that case, in fact, PF Sunset LLC was the owner and was the manager, and they would be subjected to the power and the citation rights of HUD. And what's their strongest claim here before us? Because we've mostly focused on PF Holdings because you started with the distinct argument, PF Holdings. We would suggest that there is no final agency action with regard to the PF Sunset matter. You don't really mean no final agency action, because that has to do with something that is ripe for our review, and here we have the ALJ determinations. You mean there is no imposition of a penalty? Thank you, Your Honor. If you look at the statute carefully, the imposition of the civil money penalty has not, in fact, taken place, because instead of there being an order, whether by default or on the merits of the case, there was a dismissal for lack of jurisdiction.  All right. Thank you, Your Honor. I appreciate all the time and the questions. Thank you for the opportunity. And did you want to save any time for rebuttal? Your Honor, we had requested, if possible, to save us three minutes. I recognize, certainly, we went over time. I mean, we contributed to your going over time. We'll give you two. Thank you, Your Honor. Thank you. Morning, Ms. Clark. May it please the Court, Sarah Clark for the United States. I just want to take a step back and refocus on the statutory text. So statutory text says that the time starts, this 15-day time period to request a hearing, begins on the date on which notice of opportunity for hearing is received. And then it goes on to say, the imposition of a penalty under subsection B shall constitute a final and unappealable determination if the hearing is not requested. Don't request a hearing in time. The penalties are final and unappealable. What is your response to Mr. Kahan's argument that there hasn't been an imposition of a penalty and to his contentions that this is something of a change or at least a crystallization of HUD's own understanding of this statute of rights? So on the first point, on the imposition point, for one, that's not what they argued in their brief. So I think they've forfeited that argument. And second, the statutory text makes clear that once you miss the 15-day deadline, the penalties are imposed. So there is, in fact, an imposition of a penalty. So I don't think that argument gets them anywhere. As for their argument that this has been a change, I think the change has been in the mechanism that HUD uses to close out the case. So in the past, essentially, parties had tried to come in after missing the hearing request deadline, and HUD enforcement had gone to request default judgment to sort of close the case. But their arguments, as they were here, were sort of leading off that, given the fact that the petitioners missed the deadline, everything else was essentially moved. There was no further avenue for challenge and that the cases were over. So although the sort of vehicle for that argument was a default judgment motion here, the core and the substance of the argument was the same. And since the ALJs in these cases clarified, you know, the right way to go about this is a motion to dismiss, that's how these cases have proceeded since then when a party misses the 15-day statutory deadline. What's your view on whether C2A is jurisdictional and does it matter? Right. So our first argument is that because the penalties are now final and unavailable, is that this court has no jurisdiction. So it's certainly jurisdictional in that sense. And I think that's actually consistent with and sort of works together with our second argument, which is that petitioners have failed to exhaust their administrative remedies, right? And is the exhaustion requirement here jurisdictional? I mean, I'm just trying to get clear whether we need to determine the jurisdictional or simply the finality of the determination. So we haven't taken a position on whether the exhaustion requirement, the exhaustion of remedies requirement is jurisdictional because even if it's not, petitioners have failed to meet it. That said, obviously our first argument is that unappealable language standing on its own deprives the support of jurisdiction because the penalties are no longer subject to challenge. Or it deprives us of jurisdiction. There's nothing for us to appeal, I mean, to consider. I guess to me, the question would be, and maybe you could respond to the way that Mr. Cahan relied on it, which is he said it matters whether it's jurisdictional because even though the ALJs didn't say so, they would have perhaps felt free to extend the short time had they understood it to be non-jurisdictional. And what's your... I mean, is it actually understood as jurisdictional? It's not necessarily clearly passed that way within the statute. Right, I think it is best understood that way. And so if we get to the point sort of down the line of examining the ALJ's decision and whether it was right to conclude that the penalties were no longer subject to challenge and that it no longer had jurisdiction, then I think the reason why it's jurisdictional is because the deadline is set forth in statute and the regulations that govern these proceedings actually echo that. So in the deadline provision, it says this mandated period cannot be extended. And then in the regulations that govern the hearings, it specifically says that ALJs cannot extend time limits that are mandated by statute. That's in 24 CFR 2632. So I think that just reinforces that there's no leeway for the ALJ to say, oh, well, you were only one day late and you have a really good reason. But, I mean, it could be a claims processing rule is distinct from technically a jurisdictional rule and still be quite harsh and still be something that the ALJ didn't have authority to extend. So, again, I'm trying to figure out whether... Because, you know, the cases on the character of a statutory requirement being jurisdictional have really narrowed and said, you know, be judicious about how you use the term jurisdictional. Even when the courts have referred to things as jurisdictional, the Supreme Court has told us there's jurisdictional and then there's jurisdictional in the common sense meaning. And so jurisdictional in the sense of really going to authority and being non-waivable, I'm not sure we need to so characterize it to rule for the government here. And I'm not sure that it would be wise. I don't see an analysis chapter and verse of those cases, you know, spreading from Arbonne forward. So, I agree that you don't need to agree with the government on that to rule for us because even further down the line, I don't think any of Petitioner's arguments succeed and they certainly have no argument and have not attempted to present any argument as to why they should get sort of excused from this requirement even if it were sort of the more lenient type of claims processing rule rather than either a mandatory claims processing rule that has to be applied when it's asserted or a jurisdictional rule. But I think going back, again, I think the language, the word unappealable in its ordinary meaning means no further challenge. And I'll just return briefly to the exhaustion provision, which I think sheds light on that. The exhaustion provision, so that's 1735 F15E1, that's exhaustion of remedies provision. And then that says you can get judicial review after exhausting all administrative remedies established by the secretary. And then it refers in that section to the multifamily mortgager procedures, which are the same that are applicable here. And so, that makes clear that if you're not, you know, going through the steps that you need to do before the agency, you can't go on and challenge the penalty for the court. And I guess I'll just take one step back and say that petitioners have no theory of what unappealable means in this context or why that language should entitle them to further review. But as you pointed out, or as you alluded to, the court doesn't need to sort of agree on that front to find that here they have nothing to... So, is, I should have looked this up, but is exhaustion a ground that under Steele Co. we could rely on without first determining whether the final and unappealable is jurisdictional with respect to this court? It's kind of preliminary, you know, under SINOCAM, RUGAS, Steele Co. Right, so without having that specific case at my fingertips, I think, you know, here... Right, so if the exhaustion requirement is jurisdictional, obviously the court can pick and choose between that and sort of first argument about the unappealable language. Otherwise, I think typically, right, the court would have to first assess its own jurisdiction. I just think that here the provisions work together. But if we're in the world of exhaustion, I think there's no argument that petitioners have satisfied that requirement, especially not under the logic of Woodford v. Snow. Where does the compelling, extraordinary and compelling language fit in? So, you may be referring to the requirement that parties exhaust the issues that they raise as well. So, 1735 F15E2 says the court can't consider an argument that wasn't raised below, unless there are extraordinary circumstances. And I think that just means, you know, if you opted a hearing in time and you've gone through the process, but you didn't raise X argument, then when you come before this court, of course, you can't raise it unless there are extraordinary circumstances. I think that only underscores that there really should be no exception or that there is no exception under the exhaustion of remedies provision, which has no carve-out for extraordinary circumstances or any form of excuse. Basically, you have to exhaust your remedies before you come into court. This is an extraordinary scheme, and it's hardly crystal clear, but there's no due process claim before the court today. Correct, Your Honor. They haven't made a due process claim, and I don't think one would be meritorious, right? So, here, the complaint statute, the regulations, all provide for notice to the party and an opportunity for a hearing. There's actually multiple steps of notice. There's the pre-penalty notice, which lays out the specific facts of the offenses. This photo, it describes in detail the allegations. I see that my time is up. It's all right. You can continue. And it gives the party a chance to respond. There's then the complaint phase, which gives the party a chance to request a hearing, and at that hearing, hold HUD to its burden of proof. I think, to some of the points that opposing counsel was raising, any sort of argument that they have as to whether or not the party, the proper venue for that is at the hearing. And to your point about sort of the scheme here, I think one thing that is clear throughout, and that petitioners have not argued is confusing, is the deadline and is the effect of the deadline. The statutory language and the regulatory language are clear. Petitioners have never suggested that they were confused or that they had some reason for missing it, and that is not true. Two quick minutes. I would just start where my colleague ended. I think the language is not clear, and I think that's why we are where we are. It's not even clear as HUD. When we look at the regulations, there are two regulations as a result, as it relates to what happens when the 15 days are passed. If the 15 days passed, and there was an automatic imposition of penalties, then the statute of the regs would have said that, but that's not what the regs say. 24 CFR 2641 says, the respondent may be found in default upon motion for failure to file a timely response to the government's complaint. The motion shall include a copy, a proposed order, shall be served on the parties, and the respondent shall have 10 days from such service to respond to the motion. Okay. So under the regulation, the statute and regulations, if your clients had requested a hearing, but then had not responded to the complaint, that default process would kick in. But we don't even get there where there's no request. And I understand from your brief that you're saying, well, if there's no request, that this default process still plays out. And indeed, it seems like the ALJ, in at least one of your cases, so thought, but what if we think that was wrong? How does that help you? Because perhaps it's not wrong. Perhaps HUD has acted in that way forever, because that is the appropriate way to do it. And that the ALJ's order moving away from such a system, wherein there is proper opportunity and process for the respondent, that is the error. So your clients were waiting for the motion for default judgment to respond? I believe our clients responded within days of the 15 days. Okay. But just let's say they responded thinking we're going to really get our day in court when there's a motion from HUD for default judgment, right? Because the way you're understanding it is you're saying, no, no, the 14 days doesn't create, doesn't impose a penalty. There has to be some further process. So let's say HUD is preparing to move for default judgment, and your client responds and says, no, the facts aren't as you say. And then HUD says, oh, actually, you never responded to the complaint and sought a hearing. No chance for a hearing. So what else do you have in opposition to default judgment at that point? And we would argue the merits of the claim. In a brief with no factual record. Yes, Your Honor, but I believe the ALJ judge would have the opportunity at that point to determine whether or not, based on the retention of jurisdiction, whether or not the owner would have the opportunity at that point when the motion was filed to respond and to bring its defenses to the cause of action. I don't think that goes to the merits of a default judgment within the context of a HUD administrative proceeding. I don't think you get to do, you get to talk about whether you defaulted or not. You don't get to talk about merits. It seems to me that's the premise of your argument. That would be the merits opportunity. I would think that, again, to follow the statute, there must have an unappealable imposition of fines. There must be something beyond simply the 15th day, the 24th hour finishing. And Your Honor, and I'll sit down after this and keep me as long as the court would like, but 24 CFR 2650, which is the merits claim has the exact same language. And it says that the ALJ is required, shall issue a decision. It doesn't say that there's just this imposition. There is clearly the contemplation that after 15 days, the regulatory agency may at that point move for the imposition of these unappealable fines. Prior to that point, there is not this unappealable imposition of the fines. And in this case, when there is a judgment taken that is void and when there was a denial of the opportunity, not based on anything other than the administrative law judge saying, I can't even consider the arguments in the briefs that are filed because I don't have jurisdiction. Again, we would ask the court to reconsider that. Thank you, Mr. Kahan.
judges: Pillard, Childs, Sentelle